[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 31, 2009
THOMAS K. KAHN
CLERK

No. 09-10008
Non-Argument Calendar

_____

D. C. Docket No. 07-00234-CR-J-33TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HASSAN KARIM MUHAMMAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2009)

Before DUBINA, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Hassan Karim Muhammad appeals his conviction for being a

felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Before trial, Muhammad moved to suppress the gun and his incriminating statements. A magistrate judge held a suppression hearing and recommended denying the motion. Muhammad did not object, and the district court accepted the motion. After the government's case-in-chief at trial, Muhammad renewed the motion to suppress on the grounds that certain testimony revealed new evidence. The district court denied the motion, reasoning that the evidence was not new.

Muhammad argues on appeal that (1) the district court erred in denying his motion to suppress, (2) the court erred in denying his motion to renew his motion to suppress, and (3) the government did not present sufficient evidence of his guilt.

First, regarding the initial motion to suppress, Muhammad argues that the officer did not have a reasonable suspicion to stop him. The government responds that, because Muhammad did not object to the magistrate's recommendation, he waived his right to challenge the district court's denial of his motion to suppress.

Pursuant to Fed.R.Crim.P. 59(b)(2), which became effective in 2005, a defendant's failure to file specific written objections to a magistrate's recommendation within ten days after being served with the recommendation, or by some other date set by the court, constitutes a waiver of his right to appellate

review.

Because Muhammad did not file objections to the magistrate judge's report and recommendation, we conclude that he waived appellate review of the denial of his motion to suppress.

Regarding the motion to renew, Muhammad argues that officer Brown's trial testimony that he called in a suspicious person rather than a reckless driver or some other traffic violation, justified renewed consideration of his motion to suppress because it demonstrated that Brown did not have a reasonable suspicion that criminal activity was afoot when he stopped Muhammad. The government notes that the motion should be construed as a motion to reconsider the denial of the motion to suppress.

We review the district court's denial of a renewed motion to suppress based on new facts for an abuse of discretion. *See United States v. Montos*, 421 F.2d 215, 220 (5th Cir. 1970). Ordinarily, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial. *Id.* However, "[i]f new facts come to light at trial, the trial judge in the exercise of his discretion may consider anew the suppression issue." *Id.* In *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004), we

affirmed the district court's denial of a defendant's motion to reopen a suppression hearing based on new evidence because the "new evidence" was not inconsistent with the evidence presented at the suppression hearing. *Id.*

We conclude from the record here that the district court did not abuse its discretion in denying the motion to renew. Because the officer testified on both occasions that he stopped Muhammad because he was suspicious of him, his trial testimony did not differ from the suppression-hearing evidence and would not have led to a different outcome on the motion to suppress.

Finally, regarding sufficiency of the evidence, Muhammad argues that the evidence presented did not prove beyond a reasonable doubt that Muhammad ever had knowing possession of the firearm and did not exclude every reasonable hypothesis except that of guilt.

We review *de novo* a claim of insufficient evidence to convict. *United States v. Nolan*, 223 F.3d 1311, 1314 (11th Cir. 2000). We view the evidence in the light most favorable to the government, but "are bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant." *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005). To uphold a conviction, we "need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *Id.*

(internal quotation marks omitted). The evidence need not "exclude every reasonable hypothesis of innocence or [be] wholly inconsistent with every conclusion except that of guilt, since a jury is free to choose among reasonable constructions of the evidence." *Id.* (internal quotation marks omitted).

In order to convict a defendant of possession of a firearm by a convicted felon, pursuant to § 922(g)(1), the government must prove beyond a reasonable doubt that (1) the defendant was a convicted felon, (2) the defendant knew that he was in possession of a firearm, and (3) the firearm affected or was in interstate commerce. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). The second prong, that of possession, may be shown by direct as well as circumstantial evidence. *Id.*

We conclude from the record that sufficient evidence supported Muhammad's conviction under § 922(g). Muhammad only challenges whether he had knowing possession of the firearm. Officer Brown testified that when he was apprehending Muhammad, he saw Muhammad toss a pair of shorts. When the officer returned to the spot where Muhammad had tossed the shorts, he saw a firearm sticking out from inside the shorts. This circumstantial evidence was sufficient for a reasonable fact-finder to conclude that Muhammad possessed the firearm while running from the officer. Accordingly, we affirm Muhammad's

conviction.

**AFFIRMED.**